SALINAS & SONS v. AULTMAN & CO.

1. INJUNCTION—THE SUPREME COURT has the power to issue writs or orders of injunction, and such power is not restricted to cases pending in this Court, either in its original or appellate jurisdiction—*construing* art. V., sec. 4, Con. 1895.

2. IBID.—JUSTICE OF SUPREME COURT—SUPREME COURT.—A Justice of the Supreme Court has power *at chambers* to grant an interlocutory order of injunction in a cause not pending in this Court—*construing* art. V., sec. 25, Con. 1895.

3. IBID.—AN APPEAL lies from an order or decree of a Justice of the Supreme Court refusing to grant an interlocutory injunction on a jurisdictional ground or a *purely* legal ground.

Before MR. JUSTICE POPE, Newberry, October, 1896. Reversed.

Suit by A. J. Salinas & Sons against C. Aultman & Co. and J. C. Klugh, as master of Abbeville County. Mr. Justice Pope, on September 24, issued a rule to show cause why an injunction should not be granted, and made a temporary restraining order. On October 5, defendant moved to vacate the order of the 24th September. The following is the decree of Mr. Justice Pope:

A motion was made before me as an Associate Justice of the Supreme Court of this State by the above named plaintiffs in the above named action, in the Court of Common Pleas for the county of Abbeville, in this State, for an order of injunction to restrain the defendants from selling the house and lot described in the complaint until the above named cause could be heard on its merits. The application in the first instance, to wit: on the 24th day of September, 1896, was *ex parte*. On that day I granted an order for a rule to show cause before me by the defendants on the 14th October, 1896, why such preliminary injunction should not issue. When the rule was issued it was believed that the presiding Judge of the Eighth Circuit was absent from this Circuit, and also Judge Witherspoon, who was appointed under the law to hold the Courts for the Eighth Circuit, was also absent from this Circuit—the latter proved to be a mistake, although the plaintiffs justly believed that he was so absent. The defendants, at the hearing before me, made two grounds for the refusal of the order of preliminary injunction—one jurisdictional and the other on the merits. The latter I cannot consider, because I ought not to consider. If I am without jurisdiction, I have no right to consider any other question in the case. My jurisdiction to hear the motion is now based upon the provisions of the

new Constitution, adopted in the year 1895. This is the first instance in which this serious and delicate question is squarely presented for decision, and it has been given serious consideration. After a careful review of the provisions of the new Constitution, I am satisfied I have no jurisdiction in the premises. Briefly, these are the controlling thoughts that lead me to this conclusion. Section 1, of article V. of the Constitution of 1895, provides: "The judicial power of this State shall be vested in a Supreme Court, in two Circuit Courts, to wit: a Court of Common Pleas, having civil jurisdiction, and a Court of General Sessions, having criminal jurisdiction only. The General Assembly may also establish county courts, municipal courts. * * * " Then it is plainly manifest that the Constitution has divided the judicial power of the State among certain tribunals by name. Sections 2, 3, 4, declare what the Supreme Court shall be, fixing the number of Justices thereof, and carefully stating in section 4 the jurisdiction of the Supreme Court in these words: "The Supreme Court shall power to issue writs or orders of injunction, mandamus, *quo warranto*, prohibition, *certiorari*, *habeas corpus*, and other original and remedial writs. And said Court shall have appellate jurisdiction only in cases of chancery, and in such appeals they shall review the findings of fact as well as the law, except in chancery cases where the facts are settled by a jury and the verdict not set aside, and shall constitute a court for the correction of errors of law under such regulations as the General Assembly may, by law, prescribe." By this section 4, the *Supreme Court* is granted jurisdiction, *first*, in certain instances of *original* jurisdiction; *second*, in appeals in chancery, and *third*, in correcting errors of law. We must remember, always, that this Supreme Court consists, by the terms of the Constitution, of four members, and its decisions must be made by a majority of its members in cases within its original or appellate jurisdiction, unless in those instances where the Court is equally divided, or some constitutional question is presented, as set

out in the 12th section of article V.   Were we left to these questions of the Constitution, it would be clear that no individual Justice of the Supreme Court could make any order in matters before the Court, either in its original or appellate jurisdiction, and, also, such power should be denied him in any lower Court.   But section 25 appears with this language: "Each of the Justices of the Supreme Court and Judges of the Circuit Court shall have the same power at chambers to issue writs of *habeas corpus*, mandamus, *quo warranto*, *certiorari*, prohibition, and interlocutory writs or orders of injunction, *as when in open court*.   The Judges of the Circuit Courts shall have such powers at chambers as the General Assembly  * * * " Now, what power has a Justice of the Supreme Court *in open court* in a cause pending for trial in *a Circuit Court?*   What power has a Circuit Judge in *open court* in a case pending in the *Supreme Court?*   None.   If, then, a Justice of the Supreme Court has no power in open court in the Circuits of the State, and a Circuit Judge has no power in open court in the Supreme Court, what does this language, occurring in section 25, mean?   Nothing more than to clothe each of the Justices of the Supreme Court, in causes pending in the original jurisdiction of such Supreme Court, with the power to pass orders at chambers in such cases, and, likewise, to empower Circuit Judges to pass orders at chambers within their jurisdiction as Circuit Judges.

As before stated, these are my views, briefly stated.   It follows, therefore, as an Associate Justice of the Supreme Court, I have no jurisdiction in the premises, and the motion must be denied, not upon its merits, but purely because I have no jurisdiction over it.

From this decree the plaintiffs appeal.

*Messrs. Frank B. Gary* and *Samuel C. Cason*, for appellants.

*Messrs. Graydon & Graydon,* contra.

Messrs. Justices Pope and Gary being disqualified, Judge James Aldrich and Judge R. C. Watts were appointed to sit in the case.

May 22, 1897. The opinion of the Court was delivered by

JUDGE JAMES ALDRICH, A. A. J. This is an action for injunction instituted by appellants on September 26th, 1896. On September 24th, 1896, Mr. Associate Justice Y. J. Pope, upon application of appellants, made an order requiring the respondents to show cause before him, at his chambers in Newberry, S. C., on October 14th, 1896, why a preliminary order of injunction should not issue against them, and, meanwhile, restraining respondents from selling the real estate described in the complaint. On October 5th, 1896, respondents, upon notice to appellants, moved Mr. Justice Pope for an order vacating and setting aside his order of September 24th, *supra*, upon the ground, among others, "Because his Honor had not jurisdiction to grant said order, Hon. I. D. Witherspoon, the Judge of the Sixth Judicial Circuit, being engaged at that time in holding the Courts of the Eighth Judicial Circuit, in which the subject of the action is situated." On October 16th, 1896, Mr. Justice Pope made a decree, which should be incorporated in the report of this cause, denying the motion for injunction, vacating his former order, and concluding in these words: "As an Associate Justice of the Supreme Court, I have no jurisdiction in the premises, and the motion (for injunction) must be denied, not upon its merits, but purely because I have no jurisdiction over it."

Appellants appealed from said decree upon the sole ground that "His Honor erred in deciding that he had no jurisdiction to issue a preliminary order of injunction in the above stated case."

The issue thus raised involves the construction of certain sections of the Constitution of the State, adopted in 1895.

Art. 5, sec. 4, Constitution of 1895, is as follows: "The Supreme Court shall have power to issue writs or orders of injunction, mandamus, *quo warranto*, prohibition, certiorari, habeas corpus, and other original and remedial writs. And said Court shall have appellate jurisdiction only in cases of chancery, and in such appeals they shall review the findings of fact as well as the law, except in chancery cases, where the facts are settled by a jury and the verdict not set aside, and shall constitute a court for the correction of errors at law, under such regulations as the General Assembly may by law prescribe." Art. 4, sec. 4, of the Constitution of 1868 reads: "The Supreme Court shall have appellate jurisdiction only in cases of chancery, and shall constitute a Court for the correction of errors at law, under such regulations as the General Assembly may by law prescribe: *Provided*, The said Court shall always have power to issue writs of injunction, *mandamus, quo warranto, habeas corpus*, and such other original and remedial writs as may be necessary to give it a general supervisory control over all other Courts in the State." In the case of *The State ex rel. Wallace* v. *Hayne and Mackey*, 8 S. C., 374, which was an application for a writ of mandamus, Chief Justice Moses, in delivering the opinion of the Court, said: "Now, according to the view of the learned counsel for the respondents, the power of the Court as to those writs, under sec. 4, art, 4, of the Constitution, is limited to control by our supervision over all other Courts in this State. The mere reading of this section is enough, I trust, to convince the learned counsel that his interpretation of the section is not well founded. The writ of injunction may be exercised not to control other Courts, but it acts directly upon parties, and no form of injunction that I can think of could prohibit the proceedings of a court of inferior jurisdiction." In the case of *The State ex rel. Sawyer* v. *Fort*, 24 S. C., 517, the late Chief Justice Simpson says: "It was held in *The State ex rel. Wallace* v. *Hayne and Mackey*, *supra*, that while the power of the Supreme Court

in reference to certain writs named in the Constitution, to wit: injunction, *mandamus*, &c., was the same as existed at common law when the Constitution was adopted, yet with reference to other original and remedial writs not named, as *certiorari*, its power was limited by the words, 'as may be necessary to give it general supervisory control of all other Courts in the State.'" In the case of *The State ex rel. Wallace* v. *Hayne and Mackey*, *supra*, it was also held, that the power of the Supreme Court in issuing writs of injunction, mandamus, &c., is not limited by the concluding terms of sec. 4, art. 4, of the Constitution, expressed in the words, "As may be necessary to give it a general supervisory control of all other Courts in the State;" but such terms qualify only the immediately preceding terms, "and such other original remedial writs." In the case of *The State ex rel. Zimmerman*, 27 S. C., 625, after citing art. 4, sec. 4, of the Constitution of 1868, this Court held that the Supreme Court has power to grant a writ of injunction; but it has no power to dissolve an injunction granted on Circuit." In *Whitesides* v. *Neeley*, 30 S. C., 31, the Supreme Court granted an order of injunction. The provisions of art. 5, sec. 4, of the Constitution of 1895, wherein the Supreme Court is given the power to grant writs of injunction, is much clearer and far more explicit than the provisions of art. 4, sec. 4, of the Constitution of 1868. The words, "as may be necessary to give it (the Supreme Court) a general supervisory control over all other Courts in the State," found in the Constitution of 1868, and which to a great extent suggested the doubt as to the power of the Court to grant original writs of injunction, are omitted from the Constitution of 1895, and, as we must assume, purposely omitted. We must, therefore, hold that the Supreme Court has the power to issue "writs or orders of injunction," and that such power is not restricted to cases pending in this Court, either in its original or appellate jurisdiction.

The next issue to be considered is: has a Justice of the Supreme Court power, at chambers, to issue an interlocutory

writ or order of injunction in an action not pending in the Supreme Court?   Prior to the Constitution of 1895, we are not aware of any constitutional provision granting such power, in express terms, to a Justice of the Supreme Court.   Sec. 2225 of the Revised Statutes of 1893, taken from the act of 1868, and purporting to carry out the provisions of art. 4, sec. 4, of the Constitution of 1868, then recently adopted, is as follows: "Each of the Justices shall have power to administer oaths, issue writs of injunction, *mandamus, habeas corpus,* and other remedial writs, according to the principles and course of the common law, not inconsistent with the Constitution, subject on motion of either party to re-examination, affirmance or reversal and final adjudication by the proper jurisdiction."   Sec. 239 of our Code of Procedure, as it appears in the Revised Statutes of 1893, and as taken from the act of 1870, reads: "An order of injunction may be made by the Court of Common Pleas in which the action is brought, or by a Judge thereof; and in the absence from the Circuit, or inability, from any cause, of a Judge thereof, by a Judge of any other Circuit, *or a Justice of the Supreme Court.*"   The act of 1870 would seem to be a limitation of the provisions of the act of 1868, restricting the power of a Justice of the Supreme Court to make an order of injunction to actions brought in the Court of Common Pleas, when "the Judge thereof" was absent from Circuit, or unable to make the order.   The law is very different now.   The Constitution of 1895, art. 5, sec. 25, is as follows: "Each of the Justices of the Supreme Court and Judges of the Circuit Court shall have the same power at chambers to issue writs of habeas corpus, mandamus, *quo warranto,* certiorari, prohibition and interlocutory writs or orders of injunction as when in open Court."   The Supreme Court, under sec. 4 of the Constitution of 1895, is invested with the "power to issue writs or orders of injunction," using that term in its ordinary and legal signification; while sec. 25, *supra,* gives to "each of the Justices" the "same power at chambers to issue" only "*interlocutory* writs

25—49

or orders of injunction." An "interlocutory order of injunction" is a term well understood, and is referred to in sec. 240 of the Code. The same power is given to each of the Justices of the Supreme Court as is given to Judges of the Circuit Court, and in the same words, at the same time and place, to wit: sec. 25, art. 5, Constitution of 1895. No one doubts, or has doubted, that a Judge on a Circuit has the power to grant an interlocutory order of injunction at chambers, in any action brought in his Circuit. If this be true, and each Justice of the Supreme Court has the same power at chambers, then each Justice has "jurisdiction," power, to hear and determine a motion for an interlocutory injunction at chambers, just as any Circuit Judge could. To put any other construction upon the sections would defeat its intent as expressed. The words "as when in open Court" mean, that each of the Justices of the Supreme Court has "the same power at chambers to issue writs of habeas corpus * * * and interlocutory writs or orders of injunction," as all of the Justices might issue "when in open Court." The term "each" is used in contradistinction to "all" of the Justices, as implied, necessarily, in the term "Court," which is made up of "all" of the Justices; the term "chambers," in contradistinction to "open Court;" and the power of the several Justices, in granting interlocutory orders at chambers, is the same "*as*" the "*Court*," when it is "open," in considering an application for an interlocutory writ or order of injunction. The General Assembly, at the first meeting thereof, in an act "To provide the organization of the Supreme Court, to define its powers and jurisdictions, &c.," construed the sections of the Constitution of 1895. The 13th section of said act—see A. A. 1896, 22 Stat., pp. 6 and 7—is as follows: "The Supreme Court shall have power to issue writs or orders of injunction, mandamus, *quo warranto*, prohibition, certiorari, habeas corpus and other remedial and original writs. Each of the Justices of the Supreme Court shall have the same power at chambers to administer oaths, issue writs of habeas corpus, mandamus,

*quo warranto*, certiorari, prohibition and interlocutory writs or orders of injunction as when in open Court: *Provided*, An appeal shall be allowed from his decision to the Supreme Court." The legislative construction of the Constitution, as above expressed, is in full accord with the views herein stated.

While the granting or refusing of an interlocutary order of injunction, upon the merits, is not, as a rule, appealable, it is appealable when granted or refused upon a "purely" legal ground, and especially a jurisdictional ground.

The only argument which could be used against the conclusions herein reached is the *argumentum ab inconvenienti plurium valet in lege.* The statute law of the State has provided which of the several Circuit Judges shall hear and determine motions of this character, the resident Judge, or the Judge presiding in the several Circuits, shall hear and determine such motions arising in that Circuit. When there is no Circuit Judge in a Circuit, or he is unable to hear such motion, the Judge of another Circuit may do so. There is no law as yet, if such a law would be proper, and upon that point we express no opinion, which so defines the jurisdiction of the Justices of the Supreme Court and the Circuit Judges, as will prevent a possible clash of jurisdiction, and, perhaps, unfortunate results. But with these results, either possible or probable, we are not now concerned, for the law, as written, is plain, and we must construe it according to its letter and spirit. It follows, from what we have said, that Mr. Justice Pope's construction of the Constitution and his order or decree based thereon is erroneous.

It is the judgment of this Court, that the order or decree, appealed from herein, be reversed, and the action remanded to Mr. Justice Pope for such further order or proceeding as may be necessary and proper in the premises; and that in the meantime the respondents be restrained from proceeding to sell the real estate described in the complaint.