## 9976

### FARMERS & MERCHANTS NATIONAL BANK OF LAKE CITY, S. C. v. CURLEE CLOTHING COMPANY *ET AL.*

(96 S. E. 254.)

1. Injunction—Vacation—Grounds.—Where an order has been issued enjoining the sheriff from selling lands under a judgment, that judgment creditors were not served with the rule to show cause why the injunction should not be granted is not a sufficient ground for vacating the injunction.

2. Injunction—Judges—Jurisdiction—Substitute Judges.—Where the regular Judge of a Circuit is not therein, the Judge of another Circuit has jurisdiction to issue an order enjoining a sheriff's sale.

Before Wilson, J., Williamsburg, at chambers, August 3, 1917.   Reversed.

Proceedings for injunction by the Farmers and Merchants National Bank of Lake City, S. C., against the Curlee Clothing Company and others.   From an order vacating an injunctional order, petitioner appeals.

*Mr. Philip H. Arrowsmith,* for appellant, cites: *As to sufficiency of service upon adverse party:* 5 Rich. Eq. 5; 49 S. C. 328.   *As to the validity of the injunction:* 69 S. C. 256.

*Messrs. Stoll, Stoll & O'Bryan,* for respondent, cite: *As to service upon the adverse party:* Sec. 273, Code of Procedure, 1912; 89 S. C. 189; 71 S. E. 817.   *As to invalidity of order of injunction sought to be vacated:* Code of Procedure, 1912, 442.   *As to power of Judge to vacate order made by another Judge:* Code of Procedure, 1912, sec. 227.

June 20, 1918.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an appeal from an order made by his Honor, Judge Wilson, vacating a previous order granted by his

Honor, Judge Shipp. The following statement appears in the record:

"This action was commenced by service of the verified complaint, supporting affidavit and rule to show cause based thereupon, issued by his Honor, Judge S. W. G. Shipp, at his chambers, in Florence, S. C., on August 3, 1917. Before applying to Judge Shipp for this rule, the plaintiff's counsel had communicated with his Honor, Judge John S. Wilson, by telephone and had been advised by his said Honor that he was leaving his home in Manning on the following morning, and would not be in a position to transact any business on that day, to wit, Saturday, August 4th. The rule was duly served upon the defendant, George J. Graham, as sheriff of Williamsburg county, before 10 o'clock on Saturday morning, August 4th, but no return was made by the sheriff, and upon his default and due proof that his Honor, Judge John S. Wilson, was out of the Third Circuit at that time, to wit, at 6 p. m. o'clock on Saturday, the 4th day of August, 1917, his Honor, Judge Shipp, made the rule absolute as to the lands described in the complaint, and alleged to be incumbered, and restrained the sheriff from selling the said lands. The defendant, Curlee Clothing Company, thereafterwards gave notice of a motion to vacate the injunction made by his Honor, Judge Shipp, and on the day set for the hearing of said motion plaintiff's counsel duly tendered to counsel for said defendant a sum sufficient to pay the judgment of said defendant, after crediting it with the sum realized from the sale of the unincumbered lands by the sheriff, exclusive of costs and expenses incurred on the judgment, under which said defendant was proceeding. This tender was made both before the hearing and again during the hearing before Judge Wilson. Upon the motion of the defendant, Curlee Clothing Company, Judge Wilson passed an order vacating the injunction made by Judge Shipp, from which this appeal is taken.

His Honor, Judge Wilson, based his order on two grounds:

(1) "That the rule to show cause why the injunction should not be granted was not served either upon the defendant, Curlee Clothing Company, or its attorneys;" and (2) "the said rule was issued by the Judge of the Twelfth Circuit on August 3, 1917, when the Judge of the Third Circuit was within said Circuit at the time, and consequently the Judge of the Twelfth Circuit was without jurisdiction to issue same."

The sheriff was made a party defendant, and duly served with a copy of the rule to show cause.

1. The fact that the judgment creditors were not also served was not a sufficient ground for vacating the order of injunction. *Salinas v. Aultman,* 49 S. C. 325, 27 S. E. 385.

2. At the time Judge Shipp granted the order, to wit, on the 4th of August, he had jurisdiction, as Judge Wilson was not in the Circuit at that time. *Jordan v. Wilson,* 69 S. C. 256, 48 S. E. 86.

Reversed.